UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE SARKESIAN and CANDACE SARKESIAN,<br><br>      Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY; and Does 1 through 10, inclusive.<br><br>      Defendants. | Case No.: 22-cv-00966-AJB-MDD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS CLAIMS 2, 3, AND 5**<br><br>**(Doc. No. 14)** |

Presently pending before the Court is Defendant Ford Motor Company's motion to dismiss claims 2, 3, and 5 of Plaintiffs George Sarkesian and Candace Sarkesian's (collectively, "Plaintiffs") First Amended Complaint ("FAC"). (Doc. No. 14.) The motion is fully briefed, (Doc. Nos. 16, 17), and the matter is suitable for determination on the papers. For the reasons stated herein, the Court **GRANTS** the motion to dismiss.

**I.    BACKGROUND**

Plaintiffs are consumers who purchased a 2017 Ford F-150 vehicle ("Vehicle") manufactured by Ford on or about June 18, 2017.[1] (FAC, Doc. No. 12, ¶ 8.) Along with

---

[1] The following facts are taken from Plaintiffs' FAC, (Doc. No. 12), and are construed as true for the limited purpose of resolving the instant motion. *See Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247 (9th Cir. 2013).

1

the purchase, Plaintiffs received a bumper-to-bumper warranty, a powertrain warranty, and an emission warranty. (*Id.* ¶ 9.) Plaintiffs allege that "[d]efects and nonconformities to warranty manifested themselves within the applicable express warranty period, including defects of the electrical system, including the stop/start feature; defects of the transmission system, including the 10R80 10 Speed Transmission [("Transmission Defect")]; defects of the infotainment system, including the navigation system and APIM . . . ." (*Id.* ¶ 14.) Plaintiffs further allege the Transmission Defect can lead to issues including "hesitation, loss of power, and other shifting issues while driving at highway speeds." (*Id.* ¶ 47.)

After experiencing issues with the Vehicle, Plaintiffs filed suit alleging five causes of action: (1) Violation of the Song-Beverly Consumer Warranty Act ("SBA") – Failure to Repair Defect(s) within Reasonable Number of Attempts (Cal. Civ. Code § 1793.2(d)); (2) Violation of SBA – Failure to Commence Repairs or Repair Defect(s) within 30 Days (Cal. Civ. Code § 1793.2(b)); (3) Violation of SBA – Failure to Provide Literature and Replacement Parts (Cal. Civ. Code § 1793(a)(3)); (4) Breach of Implied Warranty of Merchantability, (Cal. Civ. Code § 1791.1); and (5) Fraudulent Inducement – Concealment. (*Id.* ¶¶ 57–92.)

## II.   LEGAL STANDARDS

### A.   Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim upon which relief may be granted. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court may dismiss a complaint as a matter of law for: "(1) lack of cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal.*, 88 F.3d 780, 783 (9th Cir. 1996) (citation omitted). However, a complaint survives a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Notwithstanding this deference, the reviewing court need not accept legal

conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is also improper for the court to assume "the [plaintiff] can prove facts that [he or she] has not alleged . . . ." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. The court only reviews the contents of the complaint accepting all factual allegations as true and drawing all reasonable inferences in favor of the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

**B.     Federal Rule of Civil Procedure 9(b)**

A party alleging fraud must "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Rule 9(b) requires a plaintiff to make more specific allegations so a defendant "can defend against the charge and not just deny that they have done anything wrong." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1024 (9th Cir. 2009) (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)) (internal quotation marks omitted); *see also Neubronner v. Milken*, 6 F.3d 666, 671–72 (9th Cir. 1993).

**III.   DISCUSSION**

**A.     Second Claim – Violation of California Civil Code § 1793.2(b)**

Under California Civil Code section 1793.2(b), if "service and repair facilities are maintained in this state and service or repair of the goods is necessary because they do not conform with the applicable express warranties, service and repair shall be commenced within a reasonable time by the manufacturer or its representative in this state." Cal. Civ. Code § 1793.2(b). Unless the buyer and manufacturer agree otherwise, "the goods shall be serviced or repaired so as to conform to the applicable warranties within 30 days." *Id.*; *Watson v. CarMax Auto Superstores W. Coast, Inc.*, No. 2:16-cv-09006, 2017 WL 3081824, at *2 (C.D. Cal. May 4, 2017) ("[Section 1793.2(b)] provides that, absent a written agreement to the contrary, a warrantor must repair or service a defective vehicle within 30 days.").

Plaintiffs allege three theories under section 1793.2(b). Specifically, Plaintiffs allege

Ford failed to serve or repair the vehicle in conformity with the warranty within 30 days, Ford failed to commence the service or repairs within a reasonable time, and that Plaintiffs have rejected and/or justifiably revoked acceptance of the Vehicle and as exercised a right to request a buyback. (FAC ¶¶ 64, 66; Doc. No. 16 at 6–7.)

Plaintiffs' first theory that "repair days are accumulated across repair visits, and so long as the total number of repair days across visits equals or exceeds 30 days, section 1793.2(b) is violated" is unsupported by law. Indeed, Plaintiffs' reliance on *Milicevic v. Fletcher Jones Imports, Ltd.*, 402 F.3d 912 (9th Cir. 2005), is misplaced. In *Milicevic*, the Ninth Circuit analyzed Nevada's lemon law, which allows for aggregation of repair visits to show a violation of that law. *Id.* at 916–17 ("[t]he motor vehicle is out of service for repairs for a *cumulative* total of 30 or more calendar days . . . .") (citing Nev. Rev. Stat. § 597.630(2)(b) (emphasis added)). However, relevant to this case, the Ninth Circuit has found that "under any reasonable reading of the statute, § 1793.2(b) requires only that [defendant] complete any *single* repair attempt within 30 days." *Schick v. BMW of N. Am., LLC*, 801 F. App'x 519, 521 (9th Cir. 2020); *see also Hernandez v. Mercedez-Benz USA, LLC*, No. 3:22-cv-00824, 2023 WL 2593935, at *3 (S.D. Cal. Mar. 20, 2023) (finding that *Schick*'s reading of Cal. Civ. Code section 1793.2 was persuasive and, accordingly, granting defendant's motion to dismiss because the plaintiff did not plead that any single repair attempt lasted more than 30 days). Moreover, Plaintiffs' argument that the California Legislature's failure to sufficiently clarify a requirement of 30 days of repair evidences an intent to allow aggregation is unconvincing. (*See* Doc. No. 16 at 7.) As compared to California Civil Code section 1793.22(b)(3), which expressly provides for a cumulation of days out of service, section 1793.2(b), which governs Plaintiffs' claims, does not. Therefore, the Legislature's choice not to include language as to aggregation in section 1793.2(b) should be respected. *See, e.g., Jama v. Immigr. & Customs Enf't*, 543 U.S. 335, 341 (2005) ("we do not lightly assume Congress has omitted from its adopted text requirements that it nonetheless intends to apply, and our reluctance is even greater where Congress has shown elsewhere in the same statute that it knows how to make such a

requirement manifest"). Because Plaintiffs have not alleged that any single repair attempt took more than 30 days, the Court finds Plaintiffs have not sufficiently pled a violation of section 1793.2(b) under this theory.

Next, Plaintiffs assert Ford failed to commence the service or repairs within a reasonable time.[2] However, Plaintiffs merely state in a conclusory fashion that "Defendant and its representative failed to commence the service or repairs within a reasonable time . . . ." (FAC ¶ 64.) Thus, Plaintiffs' second claim under this theory fails. *See Kodjanian v. Mercedes-Benz USA, LLC*, CV-21-8836 DSF (MAAx), 2022 WL 1515683, at *3 (C.D. Cal. Mar. 17, 2022) (finding that alleging only non-conclusory facts pertaining to the duration of repair attempts constitutes a failure to plausibly allege a violation of Section 1793.2(b)).

Lastly, Plaintiffs argue they have alleged a viable theory under section 1793.2(b) because they "rightfully rejected and/or justifiably revoked acceptance of the Vehicle, and has exercised a right to request a buyback." (*Id.* ¶ 66.) First, Plaintiffs do not plead facts establishing they justifiably revoked acceptance of the vehicle. (*See* FAC ¶¶ 12, 66.) Moreover, Plaintiffs fail to offer any support for their contention that this theory of liability constitutes a ground for liability under section 1793.2(b). Plaintiffs cite to *Ramos v. Mercedes-Benz USA, LLC*, 55 Cal. App. 5th 220, 225 (2020) in support but, as noted by Ford, this case does not support their contention. (*See* Doc. Nos. 16 at 8–9, 17 at 6.) Rather, the court in *Ramos* discussed the measure of buyer's damages under section 1794(b), which "shall include the rights of replacement or reimbursement *as set forth in subdivision (d) of Section 1793.2* . . . ." 55 Cal. App. 5th at 225 (quoting Cal. Civil Code § 1794(b)). Thus, the Court finds Plaintiffs' theory inapplicable here.

Based on the foregoing, the Court **GRANTS** Ford's motion to dismiss Plaintiffs'

---

[2] Plaintiffs allege Ford has failed to dispute this theory. (Doc. No. 16 at 8.) Ford disagrees and points to its Motion to Dismiss, where it recognized Plaintiffs' claim that Ford violated § 1793.2(b) for "an alleged failure to commence repairs within a reasonable time. . . ." (Doc. No. 17 at 5.) Thus, the Court finds Ford has not waived this argument.

second claim **WITH LEAVE TO AMEND**.

### B. Third Claim - Violation of California Civil Code § 1793.2(a)(3)

Plaintiffs again argue Ford violated section 1793.2(a)(3) of the Song-Beverly Act by failing to "make available to authorized service and repair facilities service literature and replacement parts sufficient to effect repair." Ford argues the third cause of action should be dismissed because the FAC again fails to a single factual allegation to support this claim. (Doc. No. 14-1 at 11–12.) The Court agrees. Here, Plaintiffs provide no details regarding Ford's alleged failure to provide the necessary service literature and replacement parts to Ford's repair facilities. Plaintiffs simply repeat the applicable statutory language and allege "Defendant failed to make available to its authorized service and repair facilities sufficient service literature and replacement parts to effect repairs during the express warranty period." (FAC ¶ 69.) Mere "conclusory allegations of law . . . are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004). As such, the Court **GRANTS** Ford's motion to dismiss Plaintiffs' third claim **WITHOUT LEAVE TO AMEND**.

### C. Fifth Claim – Fraudulent Concealment

#### 1. Statute of Limitations

Ford first argues the statute of limitation bars Plaintiffs' fraudulent concealment claim. (Doc. No. 14-1 at 12–13.) Plaintiffs do not meaningfully counter Ford's assertion that the statute has run for each of their claims; instead, they rely on the delayed discovery rule to argue they are not barred from pursuing their claims. (Doc. No. 16 at 19–21.)

"A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)). "[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Id.* (alteration in original) (quoting *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206

(9th Cir. 1995)).

The statute of limitations is three years for Plaintiffs' fraud claim. "An action for relief on the grounds of fraud or mistake must be commenced within three years." *Kline v. Turner*, 87 Cal. App. 4th 1369, 1373 (2001); Cal. Civ. Proc. Code § 338(c)(3)(A); *see also Finney v. Ford Motor Co.*, No. 17-CV-06183-JST, 2018 WL 2552266, at *3 (N.D. Cal. June 4, 2018) (noting that a common law fraud claim was subject to three-year statute of limitations). Plaintiffs allege Ford committed fraud "by allowing to be sold to Plaintiff the Vehicle without disclosing that the Subject Vehicle and its transmission was defective and susceptible to sudden and premature failure." (FAC ¶ 78.) Accordingly, the statute ran three years after purchase on June 17, 2020. *See Perez v. Gen. Motors LLC*, No. 19-cv-00038, 2019 WL 3766613, at *2 (S.D. Cal. Aug. 9, 2019) (concluding that the running of the statute was "apparent on the face of the complaint" where the plaintiff had alleged fraud at the time of purchase); *Yetter v. Ford Motor Co.*, No. 19-cv-00877-LHK, 2019 WL 3254249, at *4 (N.D. Cal. July 19, 2019) (noting that the fraud claim "appear[ed] to have expired" three years after the vehicle's purchase).

According to their own pleadings, Plaintiffs' claim is barred unless they can plausibly plead that a tolling or delayed accrual doctrine applies.

### 2. Discovery Rule Tolling

Plaintiffs assert the delayed discovery rule applies and delays their claim because they could not reasonably have discovered the transmission defect until shortly before they initiated this case. (FAC ¶¶ 35–39; Doc. No. 16 at 19–21.) Specifically, they argue they could not have discovered Ford's wrongful conduct until after Ford failed to fix the defects after a reasonable number of repair attempts. (Doc. No. 16 at 19.)

"California's discovery rule delays the accrual of a cause of action until a plaintiff either became aware of the injury and its cause or could have discovered the injury and cause through reasonable diligence." *Rhynes v. Stryker Corp.*, No. 10-cv-5619 SC, 2011 WL 5117168, at *3 (N.D. Cal. Oct. 27, 2011) (citing *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 808 (2005)). To rely on this rule, a plaintiff must plead: "(1) the time and

manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Id.* (quoting *Fox*, 35 Cal. 4th at 808).

As an initial matter, Plaintiffs could not have been on notice of the defects immediately after they purchased the Vehicle. *See Hastings v. Ford Motor Co.*, No. 19-cv-02217-BAS-MDD, 2020 WL 12688367, at *4 (S.D. Cal. Oct. 2, 2020) (finding it possible that the plaintiff did not discover the alleged fraud until he exhausted his repair attempts). Plaintiffs assert they discovered the alleged defects "in or about July 2021, when Plaintiffs requested a buyback and/or restitution of the Vehicle from Defendant FMC as the Vehicle continued to exhibit symptoms of defects following Defendant FMC's unsuccessful attempts to repair them." (FAC ¶ 39.) However, they allege no facts showing they exercised diligence in attempting to understand the source of the various problems they experienced with their Vehicle. Without more facts to identify when Plaintiffs first discovered the issue, their FAC fails to allege facts that this theory of tolling could salvage their claims. *See Vanella v. Ford Motor Co.*, No. 3:19-cv-07956-WHO, 2020 WL 887975, at *4–5 (N.D. Cal. Feb. 24, 2020) (finding the delayed discovery rule did not apply where the plaintiff failed to allege facts showing she exercised diligence in attempting to understand the cause of the problems with her vehicle).

Additionally, Plaintiffs do not address Defendants' arguments regarding class action tolling, the repair doctrine, or equitable estoppel. (*See generally* Doc. No. 16; Doc. No. 17 at 8); *see Walsh v. Nev. Dep't of Hum. Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) (finding a plaintiff has "effectively abandoned" a claim when he fails to respond to arguments in motion to dismiss, and therefore the claim could not be raised on appeal); *Allen v. Dollar Tree Stores, Inc.*, 475 Fed. App'x 159, 159 (9th Cir. 2012) (affirming district court's dismissal of plaintiff's claims in which plaintiff's "opposition to the motion to dismiss failed to respond to [the defendant's] argument"). As such, the Court finds Plaintiffs have waived this argument.

### 3. Sufficiency of the Pleadings

Although dismissal of this claim is appropriate on statute of limitations grounds, the

Court next addresses whether Plaintiffs have adequately pled their fraud claim based on state law. Plaintiffs concede their theory for their fraud-based claims is not based on affirmative statements, but instead on an omissions-based theory. (Doc. No. 16 at 10–11.) Specifically, Plaintiffs assert: (1) Ford failed to disclose that the transmission installed in the Vehicle was defective; and (2) Ford concealed the defect in failing to disclose the defects. (FAC ¶¶ 78, 79, 82.)

As a preliminary matter, to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), allegations of fraud must meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). As applied to Plaintiffs' claim for fraud, a fraud by omission or fraud by concealment claim "can succeed without the same level of specificity required by a normal fraud claim." *Baggett v. Hewlett-Packard Co.*, 582 F. Supp. 2d 1261, 1267 (C.D. Cal. 2007) (quoting *Falk v. Gen. Motors Corp.*, 496 F. Supp. 2d 1088, 1098–99 (N.D. Cal. 2007)). When a claim rests on allegations of fraudulent omission, the Rule 9(b) standard is somewhat relaxed because "a plaintiff cannot plead either the specific time of [an] omission or the place, as he is not alleging an act, but a failure to act." *Asghari v. Volkswagen Grp. of Am., Inc.*, 42 F. Supp. 3d 1306, 1325 (C.D. Cal. 2013) (internal citations omitted). Nonetheless, a plaintiff alleging fraudulent omission or concealment must still plead the claim with particularity. *See Bias v. Wells Fargo & Co.*, 942 F. Supp. 2d 915, 935 (N.D. Cal. 2013); *Marolda v. Symantec Corp.*, 672 F. Supp. 2d 992, 1002 (N.D. Cal. 2009) ("The Ninth Circuit has recently clarified that claims of nondisclosure and omission, as varieties of misrepresentations, are subject to the pleading standards of Rule 9(b)."). As such Plaintiffs are still required to plead the "what," "why," and "how" to establish a claim based on fraud. *See In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prod. Liab. Litig.*, 754 F. Supp. 2d 1145, 1190 (C.D. Cal. 2010).

The elements of a claim for fraudulent concealment are:

(1) the defendant must have concealed or suppressed a material fact; (2) the defendant must have been under a duty to disclose the fact to the plaintiff; (3) the defendant must have intentionally concealed or suppressed the fact

with intent to defraud the plaintiff; (4) the plaintiff must have been unaware of the fact and would have acted otherwise if he had known of the concealed or suppressed fact; and (5) as a result of the concealment or suppression of the fact, the plaintiff sustained damage.

*In re Ford Co. DPS6 Powershift Transmission Prod. Liab. Litig.*, No. 17-cv-06656, 2019 WL 3000646, at *5 (C.D. Cal. May 22, 2019).

### a.     Ford's Knowledge Prior to Plaintiffs' Purchase

"[W]hile circumstances constituting fraud must be alleged with particularity, knowledge may be alleged generally." *McCarthy v. Toyota Motor Corp.*, No.: 8:18-cv-00201-JLS-KES, 2019 WL 3220579, at *4 (C.D. Cal. Apr. 9, 2019) (alteration in original) (quoting *Parenteau v. Gen. Motors, LLC*, No. CV 14-04961-RGK (MANx), 2015 WL 1020499, at *6 (C.D. Cal. Mar. 5, 2015)). "In cases where the plaintiffs fail to allege how 'pre-release testing data' or 'aggregate data' could have alerted the manufacturer to the alleged defect, courts have treated generalized allegations regarding the existence of such testing or information as insufficient to establish knowledge." *Hardt v. Chrysler Grp. LLC*, SACV 14-01375 SJO (VBKx), 2015 WL 12683963, at *4 (C.D. Cal. Mar. 16, 2015). "By contrast, where plaintiffs have 'provided additional information,' including allegations pertaining to service bulletins for the allegedly defective vehicle components, courts have concluded that knowledge was adequately pleaded." *Id.*; *Mui Ho v. Toyota Motor Co.*, 931 F. Supp. 2d 987 (N.D. Cal. 2013) (finding the plaintiffs adequately pled knowledge "by citing to multiple other consumers' similar complaints, as well as Defendants' decisions to repair Class Vehicles' headlamps only temporarily").

Here, Plaintiffs fail to plead any specific sources where Ford may have been alerted to the alleged defect *prior* to Plaintiffs' purchase of the Vehicle, and do not plead that any sources disclosed information about a defect in Plaintiffs' Vehicle prior to Plaintiffs' purchase. *See Pelayo v. Hyundai Motor Am., Inc.*, No.: 8:20-cv-01503-JLS-ADS, 2021 WL 1808628, at *6 (C.D. Cal. May 5, 2021) (holding the plaintiffs failed to plausibly plead pre-sale knowledge of the defect where the plaintiffs "fail[ed] to plead any connection

between the generalized complaints about cars equipped with Gamma Engines and Defendants' knowledge that the Gamma Engines at issue here were prone to fires"); *Miller v. Ford Motor Co.*, No. 2:20-cv-01796-TLN-CKD, 2022 WL 3229503, at *15 (E.D. Cal. Aug. 10, 2022) (finding the plaintiffs' generalized allegations about testing and analysis conducted by defendant failed to sufficiently plead that defendant had knowledge of the defect prior to the sale of the plaintiffs' vehicles). Although Plaintiffs plead the existence of several technical service bulletins ("TSBs") concerning the Transmission Defect issued by Ford, each of these TSBs were issued *after* Plaintiffs purchased the Vehicle on June 18, 2017. For example, Plaintiffs point to TSBs issued on March 2, 2018, (FAC ¶ 50), and September 7, 2018, (*id.* ¶ 53), but fail to plead Ford's knowledge of the defect prior to the sale of Plaintiffs' Vehicle. As such, Plaintiffs fail to plead that Ford had knowledge of the alleged defect prior to Plaintiffs' purchase of the Vehicle.

### b. Duty to Disclose

Additionally, Plaintiffs fail to allege a duty to disclose. *See In re Ford*, 2019 WL 3000646, at *6 (finding allegations "thin" but sufficient where the plaintiffs alleged that Ford "directly market[ed] is [sic] vehicles to consumers and communicate[d] with consumers through the authorized dealerships from whom Plaintiffs did purchase their vehicles"). As in their Complaint, Plaintiffs' FAC does not plead the existence of a fiduciary relationship with Ford and merely concludes "Defendants were under a continuous duty to disclose . . . ." (FAC ¶ 38.)

### c. Omission or Concealment of Defect

Plaintiffs further fail to plead the circumstances of any alleged omission(s) with particularity. *See In re Ford*, 2019 WL 3000646, at *7 ("To plead the existence of an omission sufficient to support a fraudulent concealment claim, a plaintiff must describe the content of the omission and where the omitted information should or could have been revealed.") (internal quotation marks omitted).

### d. Reliance

Ford also argues Plaintiffs cannot plead justifiable reliance. (Doc. No. 14-1 at 22.)

Plaintiffs argue reliance may be inferred because had they known the Vehicle suffered from the Transmission Defect, they would not have purchased the Vehicle. (Doc. No. 16 at 18.)

"[T]o plead the circumstances of omission with specificity, plaintiff must describe the content of the omission and where the omitted information should or could have been revealed, as well as provide representative samples of advertisements, offers, or other representations that plaintiff relied on to make her purchase and that failed to include the allegedly omitted information." *Marolda v. Symantec Corp.*, 672 F. Supp. 2d 992, 1002 (N.D. Cal. 2009). Nowhere in the complaint do Plaintiffs adequately allege their reliance. Rather, Plaintiffs merely argue they

> interacted with Defendant's sales representatives and reviewed Defendant's marketing materials during the sales process. Plaintiffs did not expect their transmission to fail and not work properly. Plaintiffs further expect and assume that Defendant will not sell or lease vehicles with known material defects, including but not limited to those involving the vehicle's transmission and will disclose any such defect to its consumers before selling such vehicles (including the Transmission Defect).

(FAC ¶ 87.) This is not enough to satisfy the specificity requirement of Rule 9(b).

Based on the foregoing, the Court **GRANTS** Ford's motion to dismiss Plaintiffs' fifth claim **WITH LEAVE TO AMEND**.

### D. Punitive Damages

Finally, Ford seeks to dismiss Plaintiffs' claim for punitive damages. (Doc. No. 14-1 at 22.) Ford argues the FAC's factual allegations are insufficient to give rise to punitive damages. (*Id.*) In their opposition, Plaintiffs make no argument that their punitive damages claim can survive if their fraudulent concealment claim does not. Accordingly, any such argument is waived. Because the fraudulent concealment claim is dismissed, Plaintiffs' prayer for punitive damages related to the fraudulent concealment claim is dismissed as well.

### IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Ford's motion to dismiss claims 2, 3, and 5 of Plaintiffs' FAC. (Doc. No. 14.) Should Plaintiffs choose to do so, where leave

is granted, they must file an amended complaint curing the deficiencies noted herein <u>no later than Monday, May 1, 2023</u>. Ford must file a responsive pleading <u>no later than May 15, 2023</u>.

**IT IS SO ORDERED**.

Dated:  April 17, 2023

                                                              _____
                                                              Hon. Anthony J. Battaglia
                                                              United States District Judge